# MEMORANDUM DECISIONS.

THE ADVANCE. ATLANTIC TRUST CO. v. PROCEEDS OF THE ADVANCE et al. (Circuit Court of Appeals, Second Circuit. May 12, 1896.) No. 707. Appeal from the District Court of the United States for the Southern District of New York. Cary & Whibridge, for appellants. Carter & Ledyard, for appellee. Discontinued by consent.

THE ADVANCE. HARD et al. v. PROCEEDS OF THE ADVANCE. (Circuit Court of Appeals, Second Circuit. May 12, 1896.) No. 710. Appeal from the District Court of the United States for the Southern District of New York. Cary & Whibridge, for appellants. Carter & Ledyard, for appellee. Discontinued by consent.

THE ALLIANCA. COMMERCIAL UNION ASSUR. CO. v. THE ALLIANCA et al. (Circuit Court of Appeals, Second Circuit. December 19, 1895.) No. 516. Appeal from the District Court of the United States for the Southern District of New York. Butler, Stillman & Hubbard, for appellant. Carter & Ledyard, for appellees. No opinion. Decree affirmed, with costs, on opinion of the district judge. See 64 Fed. 871.

THE ALLIANCA. LONDON ASSUR. CORP. v. THE ALLIANCA et al. (Circuit Court of Appeals, Second Circuit. March 19, 1896.) No. 621. Appeal from the District Court of the United States for the Southern District of New York. Willard Parker Butler, for appellant. Carter & Ledyard, for appellees. Discontinued.

AMERICAN BUTTONHOLE, OVERSEAMING & SEWING MACHINE CO. v. BABCOCK. (Circuit Court of Appeals, Sixth Circuit. October 19, 1896.) No. 421. Submitted on briefs from the circuit court of the United States for the Eastern district of Michigan. George W. Radford, for appellant. Bowen, Douglas & Whiting, for appellee. No opinion. Judgment affirmed.

AMERICAN GROCERY CO. v. GODILLOT. (Circuit Court of Appeals, Third Circuit. February 22, 1897.) Appeal from the Circuit Court of the United States for the District of New Jersey. J. C. Clayton, for appellant. H. Aplington, for appellee. Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

PER CURIAM. The judges by whom this case was heard, including the late Judge WALES, had, some time previous to his death, all agreed upon the disposition to be made of it. The survivors of those who then constituted the court do not deem it necessary, under the circumstances, to do more than announce the judgment which had thus been unanimously determined upon. In accordance therewith the decree of the court below is affirmed.